## SETTLEMENT AGREEMENT AND GENERAL RELEASE

This Settlement Agreement and General Release (the "Agreement"), is entered into this _____ day of August 2012, by and between THE BOROUGH OF ENGLEWOOD CLIFFS ("BOROUGH") certain individual plaintiffs named Tod J. Coletta, Nicholas Drimones, Ethienne Ershadi, Colin V. Ford, David P. Hill, William LaRaia, William M. Henkelman, Steven Kochis, Gerard McDermott, Michael McMorrow, Daniel Morrissey, Scott Mura, Brian Murphy, George Murray, Ryan T. Peterson, Timothy Regan, James M. Rice, Gregory Romano, James M. Rushworth, James Shalhoub, Douglas A. Speivek, Benjamin Totten, James M. Tracy, Ronald F. Waldt, and Keith Wicker (collectively the "Plaintiffs"). For purposes of this Agreement, the term "Borough" shall mean and include the Borough of Englewood Cliffs, its current and former officials, officers, directors, agents, administrators, employees, agents, insurers, independent contractors and benefit plans, and all of their predecessors and successors. The term "Plaintiffs" shall mean and include the above-named individual Plaintiffs and any and all of their respective individual executors, administrators, successors, assigns, agents and representatives. This Agreement constitutes the complete and final settlement of any and all claims Plaintiffs have or may have against the Borough relating to or arising from the calculation of overtime, longevity and holiday in lieu of payments, and any claims or actions they have brought or could have brought against the Borough in this action.

## WITNESSETH:

**WHEREAS**, the Plaintiffs instituted a civil action against the Borough captioned <u>Scott Mura, et. al. v. Borough of Englewood Cliffs</u>, Docket No. 2:11-cv-06433-Jll-MAH in the United States District Court for the District of New Jersey, (the "Civil Action"); and

**WHEREAS**, the Plaintiffs have alleged in the Civil Action that the Borough has and continued to violate the Fair Labor Standards Act ("FLSA") by improperly calculating the plaintiffs' prevailing rate and failing to pay the plaintiffs the proper and full amount of overtime longevity and holiday pay in lieu of monies to which they are entitled by statute; and

**WHEREAS**, the Plaintiffs further claim in the Civil Action that they are entitled to liquidated damages and attorneys' fees and costs pursuant to the FLSA; and

**WHEREAS**,  the Plaintiffs and the Borough have reached, subject to formal Borough approval, an amicable resolution of the Litigation including with respect to continuing calculation of the prevailing rate and resulting payment of overtime; and

**WHEREAS**, the Borough has concluded that it is in the best interest of the Borough and its taxpayers to resolve the Litigation without further significant expense or exposure and without admission of any liability or wrongdoing by the Borough;

1

**WHEREAS**, the Parties desire to enter into this Agreement to fully and finally settle and resolve and dismiss with prejudice any and all claims, complaints, charges and actions of any kind whatsoever, whether known or unknown, which the Plaintiffs may have against the Borough relative to the allegations of and concerning the prevailing rate, overtime, longevity and holiday in lieu of monies; and

**WHEREAS**, the Plaintiffs acknowledge and agree that the payment provided for herein is provided as consideration for this Agreement to voluntarily dismiss, waive and withdraw all claims, complaints, charges, administrative actions and civil actions of any kind against the Borough relative to the allegations of and concerning the prevailing rate, overtime, longevity and holiday in lieu of monies;

**NOW, THEREFORE**, in consideration of the promises and mutual covenants contained in this Agreement, the Parties hereby agree as follows:

1.     In consideration for the Plaintiffs' and the Law Office of Loccke, Correia, Limsky & Bukosky's execution of this Agreement and the promises and covenants contained herein, the Borough commits that it shall issue and remit to full payment of settlement funds as follows:

(a)     <u>Consideration</u>. The Borough has paid the total sum of $130,159.29 to settle the claims of the individual Plaintiffs. Those payments represent the longevity, overtime and holiday in lieu of payments made to the individual plaintiffs which were no included in the Plaintiffs overtime calculations for the period from 2008 through 2011. This will be the only payment made in regard to this issue as no further payments will be made by the Borough to the individual Plaintiffs in relation to the exclusion of longevity, overtime and holiday pay in lieu of prior to the Agreement.

(b)     Likewise, within thirty (30) days following its receipt of fully executed copies of this Agreement and entry of the Order of Dismissal with Prejudice as to the Borough. The Borough shall provide the Law Office of Loccke, Correia, Limsky & Bukosky with payment of Five Thousand Dollars, $5,000 of (referred to herein as the "Attorneys Fees"). The Attorneys Fees shall be made payable to "The Law Office of Loccke, Correia, Limsky & Bukosky" and shall be delivered to:

> Loccke, Correia, Limsky & Bukosky
> 24 Salem Street
> Hackensack, NJ 07601

Mrs. Tapia, for the consideration given by the Borough as set forth above, which she acknowledges is adequate and satisfactory to her, hereby commits that she knowingly, voluntarily, irrevocably and unconditionally remises, releases, waives and forever discharges the Borough, its present and former agents, directors, present and former officers, present and former representatives, and its and their respective predecessors, successors, heirs, executors, administrators and assigns, and all persons acting by, through, under or in concert with any of them (hereinafter individually and

1430464-2

2

collectively referred to as the "Defendants Released Parties," from any and all claims of statutory attorneys fees related to the Litigation.

(c)     Tax Reporting and Consequences. Each individual Plaintiff is solely responsible for the payment of any and all taxes, withholdings, and other similar statutory obligations with respect to payments referenced above.  At the appropriate time, the Borough will send each plaintiff a W-2 tax form for the amounts paid pursuant to paragraph 1 showing the amounts withheld.  In the event that it is determined that Plaintiff(s) owe(s) any taxes with respect to the payment hereunder, each Plaintiff expressly acknowledges and agrees that he and/or his heirs, executors, administrators and assigns, and not the Borough, will be responsible for the payment of any such taxes, liabilities, payments or costs, interest or penalties. Each individual Plaintiff agrees to defend, indemnify, and hold harmless from such claims for taxes, interest and penalties made by any taxing authorities on account of any alleged failure by the Plaintiff(s) and/or the Borough to satisfy any such tax or withholding obligations. Loccke, Correia, Limsky & Bukosky will immediately provide the Borough with its taxpayer identification number.

2. Other Actions.   The Plaintiffs hereby represent that there are no other outstanding complaints, claims, charges, grievances or actions of any nature whatsoever previously filed or brought by each individual Plaintiffs or by the Union on behalf of the individual plaintiff pending before any state or local court or administrative agency relative to the allegations of and concerning the prevailing rate, overtime, longevity and holiday in lieu of monies.

3. General Release.   The Plaintiffs hereby release and forever discharge the Borough from any and all claims, demands, debts, charges, grievances, damages, judgments, injuries, actions or rights of action of any nature whatsoever, whether known or unknown, which they had, now or have or may have against the Borough on account of, or arising out of any matter in any way related to the current miscalculation of longevity, overtime or holiday in lieu of pay.  It is expressly agreed and understood that this release is a GENERAL RELEASE.

4. Specific Release. Without limiting the foregoing General Release, the Plaintiffs further understand and agree that this Agreement shall act as a complete bar to any suit, claim, demand or action of any kind whatsoever which could be or could have been brought by him and which seeks personal, equitable or monetary relief for each Plaintiff against the Borough, including, without limitation, any claim, demand or action under the, the Employee Retirement Income Security Act, the Fair Labor Standards Act, the New Jersey Conscientious Employee Protection Act, federal, state and local wage and hour or family leave laws, and/or any and all federal, state or local laws, statutes, rules and regulations and/or principles of common law or equity arising out of any matter in any way related to the current miscalculation of longevity, overtime or holiday in lieu of pay.  Each plaintiff hereby waives and relinquishes any and all rights he may have under any federal or statutory claim for attorney fees and costs.  Each plaintiff hereby waives and relinquishes any and all rights he may have under any federal, state or local statutes, rules, regulations or principles of common law or equity which may in any way limit the

1430464-2

3

effect of this release with respect to claims which he did not know or suspect to exist in his favor at the time he executed this Agreement, provided that it is understood and agreed that each plaintiff is not waiving his ability to sue on any claim which may arise in the future from events or actions occurring after the date of this Agreement.

5. <u>Stipulation of Dismissal</u>.  The Plaintiffs agree to dismiss with prejudice the Civil Action.  In that regard, the Plaintiffs in accordance with applicable New Jersey District Court Rules, shall, simultaneous with the execution of this Agreement, execute a Stipulation and Order of Dismissal with Prejudice of the Civil Action, dismissing the case with prejudice for the reason of the settlement reached by the Parties.  It is acknowledged and understood by each Plaintiff that any and all obligations set forth in this Agreement are conditioned completely and entirely upon the Court's dismissal of the Civil Action with prejudice.

6. <u>No Admission of Liability or Wrongdoing</u>.  The parties acknowledge that this Agreement has been executed in connection with the compromise and settlement of disputed claims relative to the allegations of and concerning the prevailing rate, overtime, longevity and holiday in lieu of monies; and that this Agreement and the actions taken pursuant hereto do no constitute an acknowledgement or admission on the part of any party of liability for any matter or precedent upon which a liability may be asserted.  Without limiting the generality of the foregoing, the execution of this Agreement should not be construed as an admission by any party that the Borough engaged in any wrongdoing or violated any federal, state or local statute, law, rule, regulation, Executive Order or ordinance of any nature whatsoever.

7. <u>Responsibility for Counsel Fees</u>.  The Plaintiffs hereby represent and acknowledges to the Borough that each have been represented in connection with this Agreement by Marcia Tapia Esq., Loccke, Correia, Limsky & Bukosky; and the Plaintiffs are solely responsible for any compensation to anyone providing legal advice or counsel in connection with this Agreement in excess of the $5,000 as set forth in paragraph 1(b).

8. <u>Entire Agreement</u>. This Agreement contains the entire agreement and complete settlement between the Parties and supersedes any and all previous agreements of any kind whatsoever between them, whether written or oral.  All prior and contemporaneous discussions and negotiations have been and are merged and integrated into, and are superseded by, this Agreement. This is an integrated document.

9. <u>Successors and Assigns</u>. This Agreement, one it shall become effective, shall be binding upon and operate for the benefit of each of the respective parties hereto and his or its respective heirs, executors, administrators, successor and assigns.

10. <u>Counterparts</u>. This Settlement Agreement may be executed in counterparts, and each counterpart shall have the same force and effect as an original and shall constitute an effective, binding agreement on the part of each of the undersigned.

1430464-2

4

11. <u>Voidable</u>. In the event that any provision of this Agreement or the application thereof should be held to be void, voidable, unlawful or, for any reason, unenforceable, the remaining portion shall remain in full force and effect, and, to that end, the provisions of this Agreement are declared to be severable.

12.       <u>Governing Law</u>. This Agreement is made and entered into, and shall be subject to, governed by and interpreted in accordance with the laws of New Jersey and the United Stated of America and shall be fully enforceable in the courts of that state, without regard to principles of conflict of laws, and for all purposes shall be construed in accordance with such law.

13. <u>Voluntary Agreement</u>.  The Plaintiffs acknowledge and agree that each plaintiff is entering into this Agreement voluntarily, and that he is not being forced or coerced in any way by the Borough or any other entity or person into signing this Agreement. The Plaintiffs acknowledge that this Agreement was negotiated by them and their Attorney, that each Plaintiff was given the opportunity to consult with an attorney of his choice before signing this Agreement and that he is satisfied with the advice of his attorney.  No provision of this Agreement shall be construed against any Party based upon the fact that a party or its attorney proposed or drafted the term or provision in dispute.

14.       <u>Consultation with an Attorney</u>. Each Party represents that it has had the opportunity to consult with an attorney, and has carefully read and understands the scope and effect of the provisions of this Agreement, and signs this Agreement of its own free will.  No party to the Agreement has relied upon any representations or statements made by any other party hereto which are not specifically set forth in this Agreement. The Parties each understand how this Agreement will affect their legal rights and voluntarily enter into this Agreement with such knowledge and understanding

**WHEREFORE**, intending to be legally bound, the Parties have agreed to the aforesaid terms and indicate their agreement by signing below.

**PBA Local 45**                                    **Borough of Englewood Cliffs**

_____            _____
Scott Mur, PBA Representative        Joseph Parisi, Jr., Mayor

DATE: August __, 2012                   DATE: August __, 2012

_____
Tod J. Coletta

Dated: August__, 2012

_____

Nicholas Drimones

Dated: August___, 2012


_____

Ethienne Ershadi

Dated: August___, 2012


_____

Colin V. Ford

Dated: August___, 2012


_____

David Hill

Dated: August___, 2012


_____

William LaRaia

Dated: August___, 2012


_____

William Henkelman

Dated: August___, 2012


_____

Steven Kochis

Dated: August___, 2012


_____

Gerard McDermott

Dated: August___, 2012


_____

Michael McMorrow

Dated: August___, 2012

1430464-2

6

_____
Daniel Morrissey

Dated: August___, 2012


_____
Scott Mura

Dated: August___, 2012


_____
Brian Murphy

Dated: August___, 2012


_____
George Murray

Dated: August___, 2012


_____
Ryan Peterson

Dated: August___, 2012


_____
Timothy Regan

Dated: August___, 2012


_____
James Rice

Dated: August___, 2012


_____
Gregory Romano

Dated: August___, 2012


_____
James Rushworth

Dated: August___, 2012

1430464-2

7

---
James Shalhoub

Dated: August__, 2012

---
Douglas Speidel

Dated: August__, 2012

---
Benjamin Totten

Dated: August__, 2012

---
James Tracy

Dated: August__, 2012

---
Ronald Waldt

Dated: August__, 2012

---
Keith Wicker

Dated: August__, 2012